UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CONNIE MARSHALL                                                                                    PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:10CV-663-R

GOVERNOR STEVE BESHEAR *et al.*                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Connie Marshall's response to this Court's December 6, 2010, Memorandum Opinion and Order directing her to show cause why this Court should not issue an injunction barring her from proceeding *in forma pauperis* in all future actions in this Court. The Court has reviewed Ms. Marshall's response. Having done so, the Court concludes the proposed injunction should issue.

Ms. Marshall is no stranger to this Court. Over the past seven years, she has filed twenty-nine actions here. She has sought and been granted pauper status in the vast majority of them. Almost all of the actions involve the same subject matter--Ms. Marshall's belief that she has been targeted, stalked, menaced, threatened, and otherwise harassed by a legion of state and federal officials as part of a vast conspiracy against her. She has previously been warned that continuing to file baseless lawsuits involving the same subject matter in this Court could result in the imposition of sanctions against her, including revocation of the privilege of proceeding *in forma pauperis* in further actions in this Court. *See Marshall v. Johnson et al.*, No. 3:07CV-171-H, docket numbers 12 and 13.

Ms. Marshall apparently was not daunted by this warning. In fact, she has filed eighteen

actions since its entry.[1]  Upon review of Ms. Marshall's litigation history, this Court finds that Ms. Marshall has abused the privilege of proceeding *in forma pauperis* in this Court by repeatedly filing frivolous lawsuits even after having been warned by the Court to refrain from doing so.

Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43 (1948)). Proceeding *in forma pauperis* is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991). It is well-established that the federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam).

When a litigant abuses the privilege of proceeding *in forma pauperis* by repeatedly filing frivolous lawsuits, federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing or duplicative lawsuits. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *see also Iwachiw v. N.Y. State Dept. of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005); *Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir. 1997). While this Court cannot absolutely foreclose an individual from initiating an action or

---

[1]Ms. Marshall filed another lawsuit after the entry of this Court's Show Cause Order, *Marshall v. National College et. al*, No. 3:10CV-776-R.

pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman*, 99 F.3d at 811. A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*. *See, e.g., Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992). The imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith. . . ." *Maxberry*, 879 F.2d at 224*; see also In re McDonald*, 489 U.S. 180 (1989).

Ms. Marshall has a history of unsubstantial and vexatious litigation in this Court. She has been warned that her repeated filing of such lawsuits could lead to the imposition of sanctions and restrictions. Yet, undaunted, she has continued to file repetitive and patently frivolous lawsuits in this Court. In total, over a span of seven years, Ms. Marshall has filed twenty-nine lawsuits in this Court:

> (1) *Marshall v. Bowles*, 3:03CV-70-H, filed 02/04/03, dismissed on 05/08/03 for failure to state a claim; (2) *Marshall v. Maze, et al.*, 3:03CV-369-H, filed 06/20/03, dismissed 10/03/03 for failure to state a claim; (3) *Marshall v. Hall-Craig et al.*, 3:04CV-612-S, filed 10/29/04, dismissed on 05/18/05 for failure to state a claim; (4) *Marshall v. Johnson et al.*, 3:05CV-261-S, filed 05/02/05, dismissed on 05/20/05 as frivolous and for lack of subject-matter jurisdiction; (5) *Marshall v. Bowles*, 3:05CV-280-S, filed 05/10/05, dismissed on 12/16/05 for failure to state a claim and as frivolous; (6) *Marshall v. Ackerman*, 3:05CV-458-R, filed 08/12/05, dismissed on 06/09/06 for failure to state a claim; (7) *Marshall v. Howard et al.*, 3:06CV-354-H, filed 07/24/06, dismissed on 03/27/07 for failure to state a claim; (8) *Marshall et al. v. Simpson et al.*, 3:06CV-423-J, filed 08/25/06, dismissed for failure to state a claim on 07/24/07; (9) *Marshall v. Yates et al.*, 3:06CV-611-S, filed 11/30/06, dismissed on 01/29/07 for failure to state a claim; (10) *Marshall v. Willner et al.*, 3:06CV-665-M, filed 12/28/06, dismissed on 09/14/07 for failure to state a claim;

(11) *Marshall v. Johnson et al.*, 3:07CV-171-H, filed 03/28/07, dismissed on 04/23/07 for failure to state a claim; (12) *Marshall v. Huber et al.*, 3:09CV-54-S, filed 04/27/09, dismissed on 07/01/09 as frivolous and for failure to state a claim; (13) *Marshall v. Bowles et al.*, 3:09CV-61-C, filed 03/10/09, dismissed on 08/03/09 for failure to state a claim; (14) *Marshall v. CBS Personnel et al.,* 3:09CV-293-H, filed 06/05/09, dismissed on 02/12/10 for failure to state a claim; (15) *Marshall v. Huber et al.*, 3:09CV-308-S, filed 05/26/09, dismissed on 07/01/09 as frivolous; (16) *Marshall v. Richardson Properties et al.*, 3:09CV-379-H, filed 05/27/09, dismissed on 03/08/10 for failure to state a claim; (17) *Marshall v. Huber et al.*, 3:09CV-428-H, filed 06/17/09, dismissed on 07/08/09 for lack of subject-matter jurisdiction; (18) *Marshall v. Global Connections, Inc. et al.*, 3:09CV-445-C, filed 06/26/09, dismissed on 10/15/09 as frivolous; (19) *Marshall v. Staffieri et al.*, 3:09CV-448-S, filed 06/29/09, dismissed on 08/11/09 as frivolous; (20) *Marshall v. Segal et al.*, 3:09CV-679-S, filed 09/02/09, dismissed on 03/29/10 for lack of subject-matter jurisdiction; (21) *Marshall v. Derouen et al.*, 3:09CV-680-H, filed 09/02/09, dismissed on 03/22/10 as frivolous; (22) *Marshall v. Potter et al.,* 3:09CV-910-S, filed 11/13/09, dismissed on 03/29/10 as frivolous and for failure to state a claim; (23) *Marshall v. Duncan et al.*, 3:10CV-11-H, filed 01/07/10, dismissed on 04/06/10 for failure to state a claim and as frivolous; (24) *Marshall v. Simpson et al.*, 3:10CV-20-M, filed 01/11/10, dismissed 04/15/10 for failure to state a claim; (25) *Marshall v. Stengel et al.*, 3:10CV-159-S, filed 03/09/10, dismissed 05/12/10 for failure to state a claim and as frivolous; (26) *Marshall v. Green*, filed 04/06/10, dismissed 05/17/10 for failure to state a claim and as frivolous; (27) *Marshall v. Beshear et al.*, 3:10CV-663-R (present action), filed 10/25/10, still pending; (28) *Marshall v. Fries et al.,* 3:10CV-708-S, filed 11/19/10, still pending; (29) *Marshall v. National College et al.*, 3:10CV-776-R, still pending.

Ms. Marshall's submission of frivolous and duplicative lawsuits serves no legitimate purpose, places a tremendous burden on this Court's limited resources, and deprives other litigants with meritorious claims of the speedy resolution of their cases. The sheer number of Ms. Marshall's baseless and duplicative complaints evinces her bad faith and amounts to an abuse of the judicial process, including the privilege of proceeding *in forma pauperis*. *See Riches v. Garese*, Civ. No. 08-086, 2008 U.S. Dist. LEXIS 47387 at *2-3 (E.D. Ky. June 18, 2008) (and cases cited therein).

Given Ms. Marshall's extremely abusive case filings, the Court concludes that the least severe sanction likely to deter her from filing future vexatious and frivolous lawsuits is to

impose a permanent injunction prohibiting her from proceeding *in forma pauperis* in any future action filed in this Court. This injunctive relief has no punitive aspect and serves a purely deterrent function. The injunction does not close the courthouse to Ms. Marshall but does impose financial consequences designed to compel Ms. Marshall to seriously consider what she is doing before initiating yet another lawsuit.

Accordingly, **IT IS HEREBY ORDERED that**:

**Connie Marshall shall no longer be permitted to proceed *in forma pauperis* in any action in the United States District Court for the Western District of Kentucky. The Clerk of Court is DIRECTED not to accept for filing any action by Connie Marshall that is not accompanied by the proper filing fee.**

Date:

cc: Plaintiff, *pro se*
    Unites States District Court, Western District of Kentucky, all divisional offices
4413.008

5